BARNETTE, Judge.
This is an appeal taken by the plaintiff, Dr. Louis A. Ensenat, Sr., in his own behalf, and in behalf of his minor son Louis A. Ensenat, Jr., from a judgment against him and in favor of the defendant Thomas A. Bremermann and his insurer, Liberty Mutual Insurance Company.
The suit arose out of an intersectional collision between an automobile owned by Dr. Ensenat, but driven by his son, and one owned by Bremermann but operated by his minor daughter, Ann Bremermann.
The accident occurred at approximately 4:45 p. m., on February 14, 1964, at the uncontrolled intersection of Pine and Nelson Streets in the City of New Orleans.
These two streets are of equal dignity in that neither is favored over the other. They are approximately of the same width and surface condition.
Prior to the accident young Ensenat had been proceeding toward the river on Pine Street in the company of a passenger, Richard Morant. Upon reaching Nelson *172 Street young Ensenat attempted to turn left onto this street, when he collided with the Bremermann vehicle which was proceeding uptown. Thus the Bremermann vehicle was coming from the direction toward which Ensenat attempted to turn. The force of the impact did considerable damage to both vehicles. Fortunately the only physical injury sustained was a relatively minor one to the hand of the Ensenat youth.
The trial judge found that both young Ensenat and Miss Bremermann were negligent and that their concurrent negligence was the proximate cause of the accident. The judgment rendered was consistent with such factual finding. The plaintiff’s appeal is based on the alleged error of the trial court in finding young Ensenat negligent, and in failing to find that Miss Bremermann’s negligence was the proximate cause of the accident.
After a careful review of the record before us, we are of the opinion that the trial judge was correct in his finding of negligence on the part of both drivers and that their negligence jointly contributed to the accident.
The Ensenat youth testified that prior to executing his left hand turn he brought his car to a full stop at the corner of Pine and Nelson Streets. He stated he looked both ways then began to make his turn. His passenger Morant substantiated his testimony that he did bring his vehicle to a complete stop. Ensenat stated however that although he looked both ways before proceeding and that his view was unobstructed he did not see the other vehicle until the collision. Miss Bremermann stated that she did not see the Ensenat vehicle stopped at the intersection, and in fact failed to see it until a moment before the collision. There can be no doubt then, that both drivers upon reaching the intersection were not keeping a proper lookout and thus failed to see that which they could, and should, have seen, hence both were negligent. The jurisprudence is replete with decisions on this point, and any attempt at substantiation through citations is unnecessary.
Appellant attempts to use his interpretation of certain physical facts surrounding the accident to prove that the Bremermann vehicle was travelling at an excessive speed prior to the accident and that it was this which was the proximate cause of the accident.
Counsel for plaintiff argues that plaintiff’s automobile, a Cadillac, was considerably heavier than the Bremermann automobile, a Ford station wagon, and since it was extensively damaged and “pushed around” by the station wagon, this alleged fact was an indication of excessive speed on the part of the station wagon. As further evidence of speed he points to the alleged fact that the Bremermann car travelled some 60 feet after impact. This argument is without merit for the simple reason that the factual premises upon which it is based are not supported by the evidence. The Ford station wagon can hardly be classed as a light automobile. Secondly, the damages to the Cadillac and the movement of both cars after impact resulted as much from the angle of collision as from other factors. Thirdly, there is no evidence that the station wagon travelled 60 feet following impact, but rather 20 feet as testified to by the investigating officer.
Patrolman Joseph M. Livaudais of the New Orleans Police Department made his investigation at the scene and questioned the drivers before the vehicles had been moved. He testified that the station wagon had come to rest 20 feet and the Cadillac 15 feet from point of impact. He testified that both drivers stated that they were driving within the speed limit, and it was his opinion from the physical evidence examined at the scene that they were travelling at approximately the same speed which he estimated at about 20 miles per hour.
Thus we are in complete agreement with the trial judge in his finding that the acci *173 dent resulted simply from the failure on the part of both drivers to keep a proper lookout, and thus failing to see the other prior to the collision.
For the reasons above assigned the judgment of the trial court dismissing appellant’s suit is affirmed, appellant to pay the cost of this appeal.
Affirmed.